IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>   Debtors.<br><br>―――――――――――――――<br><br>PHILIP M. KELLY, CHAPTER 7 TRUSTEEE,<br><br>   Plaintiff,<br><br>v.<br><br>ALDEN H. ZUHLKE, LISA A. ZUHLKE, DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE,<br><br>   Defendants. | Case No. BK 24-40267-BSK<br>(Chapter 7)<br><br><br><br><br><br>A24-_____<br><br><br>COMPLAINT |

COMES NOW Philip M. Kelly, Chapter 7 Trustee (the "Plaintiff" or the "Trustee") and for his causes of action against the Defendants, states and alleges as follows:

**JURISDICTION AND PARTIES**

1. On March 27, 2024, Alden H. Zuhlke and Lisa A. Zuhlke filed a voluntary petition for relief under Chapter 12 of the Bankruptcy Code. On June 25, 2024, the Debtors' case was converted to a case under Chapter 7 of the Bankruptcy Code.

2. Plaintiff is the Trustee of the Debtors' Estate.

3. Defendants Alden H. Zuhlke and Lisa A. Zuhlke, husband and wife ("Alden and Lisa" or the "Debtors") reside in Antelope County, Nebraska.

4. Defendants Derek A. Zuhlke and Kimberly A. Zuhlke, husband and wife ("Derek and Kimberly") reside in Antelope County, Nebraska.

5. Defendants Dillan A. Zuhlke and Michelle L. Zuhlke, husband and wife ("Dillan and Michelle") reside in Knox County, Nebraska.

6. Derek A. Zuhlke and Dillan A. Zuhlke are the sons of Alden and Lisa and they and their spouses are "insiders" pursuant to Neb. Rev. Stat. § 36-802(8).

7. Rabo Agrifinance, LLC ("Rabo") is a creditor and party in interest holding a secured claim and an unsecured claim against the Debtors. Rabo's claims against the

Debtors arose before the dates of the avoidable transactions alleged herein. Additionally, the Debtors' Schedules reflect that there are five other creditors holding nonpriority unsecured claims against the Debtors.

8. These causes of action are brought pursuant to 11 U.S.C. § 544(b).

9. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334

10. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) (A), (H) and (O).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**FIRST CAUSE OF ACTION-AVOIDABLE TRANSFER TO DEREK AND KIMBERLY**

12. The Trustee incorporates the foregoing allegations as if specifically set forth herein

13. Alden and Lisa transferred the following property to Derek and Kimberly pursuant to a Survivorship Warranty Deed executed on January 7, 2022, that was recorded with the County Clerk of Antelope County, Nebraska on January 18, 2022: N½ SW¼ of Section 19, the NW¼ of Section 30, all in Township 27 North, Range 5 West of the 6th P.M., Antelope County, Nebraska AND the N½NE¼ of Section 25, Township 27, Range 6 West of the 6th P.M., Antelope County, Nebraska.

14. As a part of the transaction, Alden and Lisa provided "carry-back" financing pursuant to a Note and Deed of Trust which contain terms, including the rate of interest, that are significantly more favorable than those provided by commercial lenders.

15. As a part of the transaction, Alden and Lisa entered into an Agreement and Easement dated January 7, 2022, that was recorded with the County Clerk of Antelope County, Nebraska on January 27, 2022, in Book 76 of Misc., Page 392-393, that purports to grant to Derek and Kimberly the right to use irrigation wells and equipment located on property owned by Alden and Lisa.

16. Alden and Lisa were insolvent, as that term is defined by Neb. Rev. Stat. § 36-803, at all times relevant to the transfer of the property and the grant of an easement to Derek and Kimberly.

17. Alden and Lisa transferred the property and granted an easement to Derek and Kimberly with the actual intent to hinder, delay, or defraud Rabo. The transaction is avoidable under Neb. Rev. Stat. § 36-805(a).

18. Alden and Lisa transferred the property and granted an easement to Derek and Kimberly without receiving a reasonably equivalent value in exchange for the transfer at a time that Alden and Lisa were insolvent. The transaction is therefore avoidable under Neb. Rev. Stat. § 36-806(a).

**SECOND CAUSE OF ACTION- AVOIDABLE TRANSFER TO DEREK AND KIMBERLY**

19. The Trustee incorporates the foregoing allegations as if specifically set forth herein.

20. Alden and Lisa transferred the following property to Derek and Kimberly pursuant to a Warranty Deed executed on May 19, 2021, that was recorded with the County Clerk of Antelope County, Nebraska on May 19, 2021: A tract of land lying wholly in the Southeast Quarter of the Northeast Quarter of Section 29, Township 27 North, Range 5 West of the 6th P.M., Antelope County, Nebraska. Said tract is more particularly described as follows: Beginning at a point on the East line of said Section 29, which is 1542.07 feet South of the Northeast Corner of said Section 29; thence continuing South along said East line, on an assumed bearing of South 00 degrees 00 minutes 00 seconds East, 1095.85 feet; thence North 89 degrees 49 minutes 25 seconds West, 546.78 feet; thence North 00 degrees 34 minutes 05 seconds East, 545.08 feet; thence North 89 degrees 48 minutes 10 seconds West, 125.36 feet; thence North 01 degrees 54 minutes 30 seconds West, 514.44 feet; thence North 87 degrees 05 minutes 45 seconds East, 684. 74 feet to the point of beginning; EXCEPT a tract of land in the Southeast comer of the Northeast Quarter of Section 29, Township 27 North, Range 5 West of the 6th P.M., Antelope County, Nebraska, described as commencing at the Southeast comer of said Northeast Quarter; thence West on the Quarter Section line, 550 feet; thence North parallel to the East Section line 320 feet; thence East 550 feet to the Section line, thence South 320 feet to the point of beginning.

21. Alden and Lisa were insolvent, as that term is defined by Neb. Rev. Stat. § 36-803, all times relevant to the transfer of the property to Derek and Kimberly.

22. Alden and Lisa transferred the property to Derek and Kimberly with the actual intent to hinder, delay, or defraud Rabo. The transaction is avoidable under Neb. Rev. Stat. § 36-805(a).

23. Alden and Lisa transferred the property to Derek and Kimberly without receiving a reasonably equivalent value in exchange for the transfer at a time that Alden

and Lisa were insolvent. The transaction is therefore avoidable under Neb. Rev. Stat. § 36-806(a).

**THIRD CAUSE OF ACTION- AVOIDABLE TRANSFER TO DILLAN AND MICHELLE**

24. The Trustee incorporates the foregoing allegations as if specifically set forth herein.

25. Alden and Lisa transferred the following property to Dillan and Michelle pursuant to a Survivorship Warranty Deed executed on March 30, 2022, that was recorded with the County Clerk of Antelope County, Nebraska on March 31, 2022: the SW¼ and the N½SE¼ of Section 24, Township 27 North, Range 6 West of the 6th P.M., Antelope County, Nebraska.

26. As a part of the transaction, Alden and Lisa entered into an Agreement and Easement dated March 7, 2022, that was recorded with the County Clerk of Antelope County, Nebraska on April 6, 2022, in Book 76 of Misc., Page 484-485, that purports to grant to Dillan and Michelle the right to use irrigation wells and equipment located on property owned by Alden and Lisa.

27. Alden and Lisa were insolvent, as that term is defined by Neb. Rev. Stat. § 36-803, at all times relevant to the transfer of the property and the grant of an easement to Dillan and Michelle.

28. Alden and Lisa transferred the property and granted an easement to Dillan and Michelle with the actual intent to hinder, delay, or defraud Rabo. The transaction is therefore avoidable under Neb. Rev. Stat. § 36-805(a).

29. Alden and Lisa transferred the property and granted an easement to Dillan and Michelle without receiving a reasonably equivalent value in exchange for the transfer at a time that Alden and Lisa were insolvent. The transaction is therefore avoidable under Neb. Rev. Stat. § 36-806(a).

WHEREFORE, the Trustee requests that the Court enter a judgment:

A. Ordering that the transactions described in the First, Second, and Third Causes of Action be avoided pursuant to Neb. Rev. Stat. § 36-805 (a), Neb. Rev. Stat. § 36-806(a) and Neb. Rev. Stat. § 36-808(a);

B. Ordering that the Trustee be allowed to attach and sell the transferred property and any proceeds pursuant to Neb. Rev. Stat. § 36-808(b);

C. Ordering that each of the Defendants pay the Trustee the value of the property transferred;

D. Awarding the Trustee prejudgment interest;

E. Awarding the Trustee post judgment interest pursuant to 28 U.S.C. § 1961;

F. Awarding to the Trustee the costs of this action; and

G. Such other and further relief as is just and equitable.

        PHILIP M. KELLY, CHAPTER 7 TRUSTEE

By: /s/ Richard P. Garden, Jr.
Richard P. Garden, Jr. - #17685
John F. Zimmer, V - #26127
CLINE WILLIAMS
WRIGHT JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 U.S. Bank Building
Lincoln, NE 68508-2095
(402) 474-6900
rgarden@clinewilliams.com
jzimmer@clinewilliams.com

4889-7613-8434, v. 1