IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>　　　　　　　　　Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7)<br><br>**OBJECTION TO APPLICATION TO EMPLOY CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, LLP AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE** |

Parties in interest, Derek and Kimberly Zuhlke and Dillan and Michelle Zuhlke (collectively referred to as the "Zuhlke Children"), file this Objection to the *Trustee's Application to Employ Cline Williams Wright Johnson & Oldfather, LLP as Special Counsel to the Chapter 7 Trustee* (Doc. 110) ("Special Counsel Application") shows to the Court as follows:

**BACKGROUND**

1.   On July 26, 2024, Trustee, Philip M. Kelly, filed an *Application by Trustee in the Law Firm Of Which He Is a Member to Act as Attorney For the Trustee* (Doc. 68) ("Kelly Firm Application").  In the Kelly Firm Application, the Trustee sought to retain his firm under 11 U.S.C. § 327(d) to "complete necessary pleadings for sale of personal property" and to "complete administration of the estate."  The Kelly Firm Application was granted by the Court on July 26, 2024, and since that time Trustee Kelly and his firm have presumably been performing the services they were approved to perform.

2.   On July 26, 2024, the Trustee also filed an *Application to Employ Cline Williams Wright Johnson & Oldfather, LLP as Counsel to the Chapter 7 Trustee to Pursue Avoidance Actions* (the "July Cline Williams Application").  In the Cline Williams Application, the Trustee

sought to retain Cline Williams for the limited purpose of pursuing "avoidance transaction claims" against the Debtors' children. The July Cline Williams Application provided that Cline Williams would be paid for its time by Rabo Agrifinance, LLC, which would then "be reimbursed by the estate."

3. Since getting approved in July, 2025, Cline Williams has actively litigated the avoidance action against the Zuhlke Children, while at the same time, represented the Trustee and Rabo in connection with negotiations related to the Debtors' non-disputed assets.

4. On April 17, 2025, the undersigned counsel contacted the Trustee via telephone to discuss concerns: (a) over Cline Williams' participation, *on behalf of the Estate*, with respect to the liquidation of Sunshine Ranch, Inc. and Debtors' other assets; (b) related to the perceived chilling effect that it was having on the Trustee's ability to efficiently liquidate the assets; and (c) of a conflict of interest that seems to exist between Cline Williams' representation of Rabo <u>and</u> the Estate. The Trustee indicated that he would consider the concerns, but that he did not believe a conflict of interest existed.

5. On April 25, 2025, the Trustee filed the Special Counsel Application, which seeks approval to now retain Cline Williams to assist as special counsel for the:

> [C]ollection of crop rents due to the estate; collection of promissory notes; liquidation of equipment, attachments, vehicles, a camper trailer, and any other property of the estate that is discovered by the Trustee; pursuit of preferential payments on the promissory notes that are property of the estate; and all other general legal matters that would assist the Trustee in the recovery and liquidation of property of the estate, including real estate, personal property, LLC membership interests, stock in Sunshine Ranch Co., Inc. and any other non-exempt assets in this bankruptcy estate.

6. The Special Counsel Application discloses Cline Williams' active representation of Rabo, but then indicates that the Trustee and Rabo is not adverse because:

> Rabo and the Trustee have agreed that they should coordinate their efforts to liquidate the property of the estate and that the Trustee will hold and account for the proceeds of any

Property of the Estate in which Rabo may have a lien or claim, subject to any such lien or claim. Rabo and the Trustee have also reserved all rights, claims and defenses that they may have to property of the estate in which Rabo may claim a lien or claim.

7. For the reasons set forth herein, the Zuhlke Children object to the Special Counsel Application and ask that it be denied.

## GROUNDS FOR OBJECTION

8. *First,* the Special Counsel Application is devoid of any reference to a statutory basis under the Bankruptcy Code that would allow Cline Williams to be appointed as special counsel for the purpose noted above. Presumably, the Trustee is seeking to employ Cline Williams under 11 U.S.C. 327(e), which provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, <u>other than to represent the trustee in conducting the case</u>, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

(emphasis added). The Trustee's purpose for retaining Cline Williams (set forth in Paragraph 5 above) is nothing more than simply administering the Estate's assets. Respectfully, the "liquidation of equipment," and "all other general legal matters that would assist the Trustee in the recovery and liquidation of the property of the estate" are estate administration duties pure and simple. These routine functions fall squarely within the Trustee's estate administration responsibilities under 11 U.S.C. § 704. *See* 11 U.S.C. 704(a)(1) (providing that the "trustee shall (1) collect and reduce for money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest."). The requirement of disinterestedness for the Trustee's retention of Cline Williams as counsel for such administrative tasks, therefore, remains under 11 U.S.C. §327(a) as the Special Counsel Application does not

3

constitute a special purpose within the express terms of 11 U.S.C. §327(e), and it is proper to deny the Special Counsel Application on that basis alone.

9. *Second,* the need for Cline Williams to assist with duties that are well within the Trustee's and his counsel's experience is duplicative and unnecessary. As noted above the Trustee has already retained Kelly Firm in this case, and there is no evidence in the Special Counsel Application that the Kelly Firm could not handle these administrative functions. Given the Trustee's responsibilities under 11 U.S.C. § 704, and existing approval of the Kelly Firm to liquidate the assets, it is unclear whether there is any need for retention of yet another professional in this case.

10. *Third*, even if the Court were to evaluate this application under 11 U.S.C. §327(e), retention should still be disallowed as an actual conflict of interest exists with regard to Cline Williams' representation of Rabo and the Estate. An actual conflict of interest is defined as "an active competition between two interests, in which one interest can be served at the expense of the other." *In re American Energy Trading, Inc.*, 291 B.R. 154, 157-58 (Bankr. W.D. Miss. 2003). There is no reasonable dispute that Rabo and the Estate are in direct competition, with the success of one inevitably resulting in a lesser recovery by the other. The Trustee has an interest in liquidating the assets of the Estate and maximizing value for <u>all</u> creditors. Rabo, through its counsel Cline Williams, has the sole interest of protecting Rabo's ability to be paid in full all pre- and post-petition claims with interest, attorneys' fees, and costs, and has thus negotiated with prospective buyers of the Debtors' assets solely with that goal in mind. Rabo's insistence that it be paid in full from the sale of Debtors' assets is not assured and will no doubt result in the loss of offers for sale that otherwise deserve attention. It is uncontroverted that at least one significant offer for one of the Debtors' assets was rescinded due to Rabo's actions. This fact was confirmed

in the deposition that was taken of Doug Hall on April 16, 2025. Mr. Hall is a shareholder and the current manager of Sunshine Ranch, Inc.[1] In his deposition, he testified that he was initially interested in redeeming and/or otherwise personally acquiring Debtors' ownership interest in Sunshine Ranch, Inc. for $1.7 million, but was deterred by the fluctuating payoff amount provided by Cline Williams and/or the Trustee. (Deposition of D. Hall, 102:6-104:24). That offer has now been withdrawn. *Id.* As such, not only is Cline Williams not disinterested, an actual conflict of interest exists between the Estate and Rabo based on Rabo's continued demand that Debtors' assets be liquidated only for the total amount of its debt, *plus attorneys' fees[2] and post-petition interest.* The Zuhlke Children respectfully submit, that Rabo's actions are effectively preventing any asset sale and/or settlement from occurring, delaying administration of the Estate, and expending estate resources.

11.     *Fourth*, the manner in which the Trustee proposes to compensate Cline Williams provides none of the court review and approval required under 11 U.S.C. § 327(a) and provides no transparency into the fees that are paid to Cline Williams or their benefit to the estate. The Special Counsel's Application provides that Rabo will continue paying Cline Williams, and that those fees will be reimbursed by the Estate, presumably with no review or disclosure to Estate Creditors or parties in interest. It does away with interim or even requirement for final approval of such fees. Further, the proposed compensation structure of Cline Williams eliminates the customary cost-benefit analysis used to determine whether the liquidation of some assets now versus waiting for sale of all later justifies the expense of continuing sale negotiations and potential litigation.

---

[1] Debtors owned a 11% interest in Sunshine Ranch, Inc. at the time they filed bankruptcy, and have since disclosed the ownership interest.

[2] It is unclear whether Rabo is including its attorneys' fees from the start of its collections in 2021, or only post-petition, but regardless, the amount of fees Rabo has demanded is significant.

5

12.     *Fifth*, given that the benefit of retaining Cline Williams flows to solely or predominantly to the secured creditor Rabo, before Rabo is entitled to be reimbursed for the fees incurred, consideration should be given to the benefit to the Estate, other creditors and interested parties if any, before Rabo is allowed a blank check reimbursement for Cline Williams' fees. The Trustee is granted the ability to recover from the proceeds of Rabo's collateral costs of the property's liquidation through a surcharge motion under 11 U.S.C. §506(c), and the Zuhlke Children submit he has a duty to do so if circumstances warrant. The Application seems to avoid all of these safeguards.

WHEREFORE Defendants Derek and Kimberly Zuhlke and Dillan and Michelle Zuhlke request that the Court deny the *Trustee's Application to Employ Cline Williams Wright Johnson & Oldfather, LLP as Special Counsel to the Chapter 7 Trustee*, and for any other relief as the Court deems appropriate.

DATED this 28th day of April, 2025.

DEREK A. ZUHLKE and KIMBERLY A. ZUHLKE, and DILLAN A. ZUHLKE and MICHELLE L. ZUHLKE Defendants

By:   /s/ *Lauren R. Goodman*
Lauren R. Goodman (#24645)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102
(402)341-3070
(402)341-0216 (fax)
lgoodman@mcgrathnorth.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the 28th day of April, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

          */s/ Lauren R. Goodman*
          Lauren R. Goodman